IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WARREN MATTHEW GIDDINGS,             *

     Plaintiff,                     *

v.                                   *          Civil Action No. GLR-23-379

COMMISSIONER OF MD PRISONS,          *
et al.,
                            *

     Defendants.

***

## MEMORANDUM OPINION

THIS MATTER is before the Court on Defendants' Motion to Dismiss or in the Alternative for Summary Judgment (ECF No. 13) and Motion to Seal (ECF No. 15). The Motions are ripe for review, and no hearing is needed. See Local Rule 105.6 (D.Md. 2023). For the reasons outlined below, the Court will grant Defendants' Motion, construed as a motion to dismiss, and dismiss the Complaint.

## I.  BACKGROUND

### A.  Giddings' Allegations

Plaintiff Warren Matthew Giddings is an inmate currently housed at Jessup Correctional Institution in Jessup, Maryland. He brings claims arising from events that took place while he was incarcerated at the Maryland Correctional Training Center ("MCTC"), against the Commissioner of Maryland Prisons ("Commissioner") and the MCTC Warden. (Compl. at 1, 3, ECF No. 1).[1] Giddings alleges that in early 2020, after he was assaulted

---

[1] Citations to page numbers in the Complaint refer to the pagination assigned by the Court's Case Management/Electronic Case Files ("CM/ECF") system.

by other inmates, he asked "prison officials" to help him identify his assailants so that he could file charges against them. (Id. at 3; ECF No. 1-1 at 1). However, the Commissioner "refuse[d] to contact MCTC to identify" the inmates and "refuse[d] to take any action at all." (Supp. Compl. at 1–2, ECF No. 1-1).

B.    **Procedural History**

The Court received Giddings' Complaint on February 9, 2023. (ECF No. 1). The Complaint alleges that the Commissioner and the inmates who were responsible for the attack[2] violated Giddings' due process and equal protection rights, were deliberately indifferent, and are liable for intentional infliction of emotional distress, assault, and negligence. (Supp. Compl. at 2). Giddings seeks an order directing Defendants to identify his assailants, and $30 million in compensatory and punitive damages. (Compl. at 4).

On August 18, 2023, Defendants filed a Motion to Dismiss or in the Alternative for Summary Judgment. (ECF No. 13). Defendants also filed a Motion to Seal Giddings' health records (ECF No. 15), which shall be granted. The Court received Giddings' Opposition to the Defendants' dispositive Motion on September 8, 2023. (ECF No. 17).

## II.    DISCUSSION

A.    **Conversion**

Defendants' Motions are styled as motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for summary judgment under Federal Rule of Civil Procedure 56. A motion styled in this manner implicates the court's discretion under

---

[2] Initially, Giddings also named the unidentified inmates as Defendants. (Compl. at 1). By Order dated March 20, 2023, however, Giddings' claims against them were dismissed without prejudice for lack of jurisdiction. (ECF No. 4).

Rule 12(d) of the Federal Rules of Civil Procedure. See Kensington Vol. Fire Dep't, Inc. v. Montgomery Cnty., 788 F.Supp.2d 431, 436–37 (D.Md. 2011), aff'd, 684 F.3d 462 (4th Cir. 2012). This Rule provides that when "matters outside the pleadings are presented to and not excluded by the court, the [Rule 12(b)(6)] motion must be treated as one for summary judgment under Rule 56." Fed.R.Civ.P. 12(d). The Court "has 'complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it.'" Wells-Bey v. Kopp, No. ELH-12-2319, 2013 WL 1700927, at *5 (D.Md. Apr. 16, 2013) (quoting 5C Wright & Miller, Federal Practice & Procedure § 1366, at 159 (3d ed. 2004, 2012 Supp.)).

The United States Court of Appeals for the Fourth Circuit has articulated two requirements for proper conversion of a Rule 12(b)(6) motion to a Rule 56 motion: notice and a reasonable opportunity for discovery. See Greater Balt. Ctr. for Pregnancy Concerns, Inc. v. Mayor of Balt., 721 F.3d 264, 281 (4th Cir. 2013). When the movant expressly captions its motion "in the alternative" as one for summary judgment and submits matters outside the pleadings for the court's consideration, the parties are deemed to be on notice that conversion under Rule 12(d) may occur. See Moret v. Harvey, 381 F.Supp.2d 458, 464 (D.Md. 2005) (citing Laughlin v. Metro. Wash. Airports Auth., 149 F.3d 253, 260–61 (4th Cir. 1998)).

Ordinarily, summary judgment is inappropriate when "the parties have not had an opportunity for reasonable discovery." E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011). Yet, "the party opposing summary judgment

'cannot complain that summary judgment was granted without discovery unless that party had made an attempt to oppose the motion on the grounds that more time was needed for discovery.'" Harrods Ltd. v. Sixty Internet Domain Names, 302 F.3d 214, 244 (4th Cir. 2002) (quoting Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 961 (4th Cir. 1996)). To raise sufficiently the issue that more discovery is needed, the non-movant must typically file an affidavit or declaration under Rule 56(d), explaining the "specified reasons" why "it cannot present facts essential to justify its opposition." Fed.R.Civ.P. 56(d).

"The Fourth Circuit places 'great weight' on the affidavit requirement." Nautilus Ins. Co. v. REMAC Am., Inc., 956 F.Supp.2d 674, 683 (D.Md. 2013) (quoting Evans, 80 F.3d at 961). However, non-compliance may be excused "if the nonmoving party has adequately informed the district court that the motion is premature and that more discovery is necessary." Harrods, 302 F.3d at 244. Courts place greater weight on the need for discovery "when the relevant facts are exclusively in the control of the opposing party," such as "complex factual questions about intent and motive." Id. (quoting 10B Wright, Miller & Kane, Federal Practice & Procedure § 2741, at 419 (3d ed. 1998)) (internal quotation marks omitted).

Here, the Court concludes that both requirements for conversion have been satisfied. Giddings was on notice that the Court might resolve Defendants' Motion under Rule 56 because Defendants styled their Motion as a motion in the alternative for summary judgment, and Defendants presented extra-pleading material for the Court's consideration. See Moret, 381 F.Supp.2d at 464. However, the Court in its "complete discretion" declines

to convert the Motion and will not consider the Defendants' extra-pleading materials. <u>Wells-Bey</u>, 2013 WL 1700927, at *5.

**B.**    <u>**Standard of Review**</u>

The purpose of a Rule 12(b)(6) motion is to "test[] the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." <u>King v. Rubenstein</u>, 825 F.3d 206, 214 (4th Cir. 2016) (quoting <u>Edwards v. City of Goldsboro</u>, 178 F.3d 231, 243 (4th Cir. 1999)). A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), or does not "state a claim to relief that is plausible on its face," <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u> Though the plaintiff is not required to forecast evidence to prove the elements of the claim, the complaint must allege sufficient facts to establish each element. <u>Goss v. Bank of Am., N.A.</u>, 917 F.Supp.2d 445, 449 (D.Md. 2013) (quoting <u>Walters v. McMahen</u>, 684 F.3d 435, 439 (4th Cir. 2012)), <u>aff'd</u>, 546 F.App'x 165 (4th Cir. 2013).

In considering a Rule 12(b)(6) motion, a court must examine the complaint as a whole, accept the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. <u>See</u> <u>Albright v. Oliver</u>, 510 U.S. 266, 268 (1994); <u>Lambeth v. Bd. of Comm'rs of Davidson Cnty.</u>, 407 F.3d 266, 268 (4th Cir.

2005). But the court need not accept unsupported or conclusory factual allegations devoid of any reference to actual events, <u>United Black Firefighters v. Hirst</u>, 604 F.2d 844, 847 (4th Cir. 1979), or legal conclusions couched as factual allegations, <u>Iqbal</u>, 556 U.S. at 678 (quoting <u>Twombly</u>, 550 U.S. at 555).

**C.**     **<u>Analysis</u>**

Section 1983 provides that a plaintiff may file suit against any person who, acting under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but merely provides 'a method for vindicating federal rights elsewhere conferred.'" <u>Albright v. Oliver</u>, 510 U.S. 266, 271 (1994) (quoting <u>Baker v. McCollan</u>, 443 U.S. 137, 144 n.3 (1979)) (internal quotation marks omitted); <u>Wahi v. Charleston Area Med. Ctr.</u>, 562 F.3d 599, 615 (4th Cir. 2009). Here, Giddings faults Defendants for refusing to help him identify his assailants so that he can bring charges against them.

**1.**     **Official Capacity**

Giddings raises claims against the Commissioner and MCTC Warden, both of whom are state employees. Under the Eleventh Amendment to the United States Constitution, a state, its agencies, and its departments are immune from citizen suits in federal court absent state consent or Congressional action. <u>See</u> <u>Pennhurst State Sch. & Hosp. v. Halderman</u>, 465 U.S. 89, 100 (1984). Claims against state employees acting in their official capacities are also subject to Eleventh Amendment immunity because a suit

against the state actor is tantamount to a suit against the state itself. Brandon v. Holt, 469 U.S. 464, 471–72 (1985). The State of Maryland has not waived such immunity for claims brought under § 1983. See Pevia v. Hogan, 443 F.Supp.3d 612, 632 (D.Md. 2020). Accordingly, Defendants are immune from suit for actions taken in their official capacities.

### 2.      Individual Capacity

Giddings fares no better with regard to claims brought against Defendants in their individual capacities. As to the MCTC Warden, Giddings raises no direct allegations in the Complaint. To sustain a constitutional challenge under 42 U.S.C. § 1983, Giddings must allege personal participation in the claimed constitutional violation; respondeat superior liability is not available. Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001); see also Love-Lane v. Martin, 355 F.3d 766, 782 (4th Cir. 2004). Thus, supervisory officials cannot be held liable for the acts of their subordinates unless the supervisor's "indifference or tacit authorization of subordinates' misconduct" can be deemed to have caused the injury to the plaintiff. Baynard v. Malone, 268 F.3d 228, 235 (4th Cir. 2001) (quoting Slakan v. Porter, 737 F.2d 368, 372 (4th Cir. 1984)). The MCTC Warden is entitled to dismissal of the Complaint against him on this basis.

Giddings alleges that the Commissioner violated his constitutional rights by refusing to take any action to identify his assailants, thus preventing Giddings from bringing charges for the alleged assault. The Fourth Circuit, however, has expressly rejected a claim that the victim of a crime has an enforceable right under the equal protection clause of the Fourteenth Amendment to have persons criminally prosecuted. Sattler v. Johnson, 857 F.2d 224, 227 (4th Cir. 1988). It is well-established that "a private

citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another. Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973); see also Leeke v. Timmerman, 454 U.S. 83, 87 (1981) (per curiam) (there is no "judicially cognizable" right to challenge prison officials' decision not to prosecute correctional officers for alleged wrongdoing); Town of Castle Rock, Colo. v. Gonzales, 545 U.S. 748, 768 (2005) (private citizen does not have a constitutional right to have another arrested, even with the existence of a protective order). Thus, as Giddings has no constitutional right to cause a criminal prosecution, he fails to state a claim here.

     In any event, Giddings' claim alleging a violation of the Equal Protection Clause also fails because he has not alleged, much less demonstrated, that he was treated differently from similarly situated inmates. See Olech, 528 U.S. at 564; accord Quinn v. Bd. of Cnty. Comm'rs for Queen Anne's Cnty., 124 F.Supp.3d 586, 598 (D.Md. 2015); see also Twombly, 550 U.S. at 555 ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do") (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

     Moreover, Giddings invokes, but fails to state a claim for, a due process violation. To plead a Fourteenth Amendment due process violation, a plaintiff must (1) identify a protected liberty interest; (2) show a deprivation of that interest by the State; and (3) identify a deficiency in the process afforded. Mathews v. Eldridge, 424 U.S. 319, 332–33 (1976); Sylvia Dev. Corp. v. Calvert Cnty., 48 F.3d 810, 827 (4th Cir. 1995). Because Giddings has not identified a protected liberty interest, there can be no due process

deprivation. <u>See</u> <u>Prieto v. Clarke</u>, 780 F.3d 245 (4th Cir. 2015) (an inmate "can only be deprived of that to which he is entitled").

As Giddings fails to state a claim, his Complaint will be dismissed.[3]

### III.   CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss or in the Alternative for Summary Judgment (ECF No. 13), construed as a motion to dismiss, and Motion to Seal (ECF No. 15) are granted. The Complaint is dismissed with prejudice, with the exception of Giddings' state law claims, which are dismissed without prejudice. A separate Order follows.

Entered this 18th day of December, 2023.

_____/s/_____
George L. Russell, III
United States District Judge

---

[3] To the extent that Giddings raises state law claims of negligence and intentional torts, the Court declines to exercise supplemental jurisdiction and thus will dismiss such claims, without prejudice. <u>See</u> 28 U.S.C. § 1367(c)(3).